UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

VALBONA JONUZI,

       Plaintiff,

   v.

SERVIS ONE, INC., *d/b/a* BSI
FINANCIAL SERVICES *et al*,

       Defendants.

No. 1:23-cv-01509

**OPINION**

**APPEARANCES**:

Kenneth Francis Psota
199 New Road
Office 3
Linwood, NJ 08221

   *On behalf of Plaintiff.*

Diana M. Eng
Thomas P. Cialino
BLANK ROME LLP
300 Carnegie Center, Suite 220
Princeton, NJ 08540

   *On behalf of Defendant Servis One d/b/a BSI Financial Services.*

**O'HEARN, District Judge.**

   This matter comes before the Court on a Motion to Strike the Amended Complaint or, in the alternative, for Summary Judgment by Defendant Servis One, Inc. d/b/a/ BSI Financial Services ("Defendant" or "BSI"). (ECF No. 66). The Court did not hear oral argument pursuant to Local Rule 78.1. For the reasons that follow, Defendant's Motion is **DENIED**.

## BACKGROUND

### A. The Mortgage Loan

On July 30, 2020, Plaintiff Valbona Jonuzi executed a Note ("Note") in favor of Family First Funding, LLC ("FFF"). (SAC, ECF No. 37 at ¶ 13). To secure repayment, Plaintiff executed a Mortgage in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for FFF, creating a lien on the property located in Northfield, New Jersey ("Mortgage"). (*Id.*; BSI Decl., ECF No. 66, Ex. B). The Mortgage was recorded with the Atlantic County Clerk on August 13, 2020, as Instrument No. 2020040845. (SAC, ECF No. 37 at ¶ 14).

On September 14, 2023, MERS, as nominee for FFF, assigned the Mortgage to BSI, which was recorded on October 12, 2023, as Instrument No. 2023043457. (*Id.* at ¶ 17; BSI Decl., ECF No. 66, Ex. C). BSI is the current servicer of the loan. (*Id.*; BSI Decl., ECF No. 66, ¶ 6).

### B. Procedural History

Plaintiff filed the Complaint on March 17, 2023. (Compl., ECF No. 1). On March 4, 2024, she filed a Second Amended Complaint ("SAC"), asserting claims against BSI for: (1) violations of the New Jersey Mortgage Servicers Licensing Act, N.J. STAT. ANN. § 17:16F-39(g) (Count One); (2) violations of 12 C.F.R. § 1024 (Regulation X) (Count Two); (3) breach of fiduciary duty (Count Three); (4) negligence (Count Four); (5) violation of the Fair Debt Collection Practices Act (Count Five); (6) violation of the Fair Credit Reporting Act (Count Six); (7) breach of contract (Count Seven); and (8) breach of the implied covenant of good faith and fair dealing (Count Eight). (SAC, ECF No. 37 at ¶¶ 47–113).

Plaintiff alleges that on March 16, 2021, BSI sent her a certified letter indicating she was in default. (*Id*. at ¶ 19; BSI Decl., ECF No. 66, Ex. E). She further alleges that after March 29, 2021, she began preparing a loss mitigation application, which BSI purportedly received at an

unspecified time. (SAC, ECF No. 37 at ¶¶ 23–24). However, Defendant maintains that Plaintiff failed to produce this application in response to BSI's discovery requests. (Lieber Decl., ECF No. 66, Ex. ¶ 23).

### C. Plaintiff's Discovery Deficiencies

Plaintiff served her initial disclosures on October 23, 2023, identifying certain documents in her possession, including all pleadings and correspondence with BSI. (Lieber Decl., ECF No. 66, Ex. 1 at ¶ 9-10). Defendant notes that Plaintiff also claimed emotional distress and damages of $1,500,000, but provided no computation or itemization thereof. (*Id*. at ¶ 11).

The Court's November 9, 2023 Scheduling Order required initial written discovery requests to be served by December 1, 2023. (Scheduling Order, ECF No. 22). BSI served its first set of discovery requests on November 29, 2023. (Lieber Decl., ECF No. 66, Ex. 2 at ¶ 13). Defendant contends Plaintiff, however, failed to provide discovery responses. On January 16, 2024, during a status conference, BSI informed the Court of Plaintiff's failure to provide discovery. (*Id*. at ¶ 16).

The Court's March 20, 2024 Amended Scheduling Order required Plaintiff to serve expert reports by August 1, 2024, and set a dispositive motion deadline of September 3, 2024. (ECF No. 41). On July 23, 2024, BSI sought leave to file a motion to compel given Plaintiff's alleged discovery deficiencies. (ECF No. 60). In response, the Court ordered Plaintiff to fully respond by August 7, 2024, and scheduled an in-person status conference for August 29, 2024. (ECF No. 61).

According to Defendant, Plaintiff failed to comply with the Court's discovery order, did not provide additional responses, and did not disclose an expert by the August 1, 2024 deadline. (Lieber Decl., ECF No. 66, ¶¶ 26–30). Defendant maintains Plaintiff's discovery responses remain outstanding.

Defendant filed this Motion on August 28, 2024. (ECF No. 66). And on August 29, 2024, Magistrate Judge Sharon King entered the following order:

> The Court having held a status conference on August 29, 2024; and Plaintiff having requested a one-week extension of the fact discovery deadline; it is hereby ORDERED that Plaintiff's request is DENIED. All pretrial fact discovery shall be concluded by August 30, 2024, as set forth in the Court's May 23, 2024 Amended Scheduling Order [ECF No. 55]; and it is further ORDERED that all other discovery is STAYED pending the disposition of Defendants Equifax, Experian, and TransUnion's joint motion to dismiss [ECF No. 54] and Defendant Servis One, Inc.'s motion to strike Plaintiff's Second Amended Complaint, or in the alternative, motion for summary judgment [ECF No. 66]. If necessary, the Court will schedule a future status conference once the motions are decided.

(ECF No. 70).

## I. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 37

Rule 37 of the Federal Rules of Civil Procedure governs sanctions against a party who fails to provide discovery as required by a court order. "The Court has broad discretion regarding the type and degree of sanctions it can impose, but the sanctions must be just and related to the claims at issue. *Wachtel v. Health Net, Inc.*, 239 F.R.D. 81, 84 (D.N.J. 2006) (internal citations omitted). And "Rule 37(b)(2) specifically provides for several sanctions, including discretion to deem facts as established, bar evidence, strike or dismiss pleadings, enter a default judgment, and find a party in contempt." *Id*.

### B. Federal Rule of Civil Procedure 56

Under Federal Rule of Civil Procedure 56, a court shall grant summary judgment when "a movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact in dispute is material when it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts will not preclude granting a motion

for summary judgment. *Id.* "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in [her] favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255). A court's role in deciding a motion for summary judgment is not to evaluate the evidence and decide the truth of the matter but rather "to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

A party moving for summary judgment has the initial burden of showing the basis for its motion and demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once met, the burden shifts to the nonmoving party to "go beyond the pleadings and by [her] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting Fed. R. Civ. P. 56(a)). To withstand a properly supported motion for summary judgment, the non-moving party must identify specific facts and affirmative evidence that contradict the moving party. *Anderson*, 477 U.S. at 250. "[I]f the non-movant's evidence is merely 'colorable' or is 'not significantly probative,' the court may grant summary judgment." *Messa v. Omaha Prop. & Cas. Ins. Co.*, 122 F. Supp. 2d 523, 528 (D.N.J. 2000) (quoting *Anderson*, 477 U.S. at 249–50). Ultimately, there is "no genuine issue as to any material fact" if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp.*, 477 U.S. at 322.

## II. DISCUSSION

### A. Motion to Strike

Defendant argues Plaintiff's failure to comply with the Court's July 24, 2024, Discovery

Order warrants dismissal of the SAC. (Def. Br., ECF No. 66-1 at 1). Conversely, Plaintiff contends her delayed discovery responses do not justify dismissal because most requested materials were already in Defendant's possession or previously provided. (Pl. Br., ECF No. 72 at 3–4). Plaintiff argues the delay—allegedly caused by communication difficulties and a family emergency—was neither willful nor in bad faith. (*Id.*). Plaintiff also argues that she has since submitted the required responses, and Defendant has suffered no prejudice. (*Id.*). And Plaintiff maintains that given the absence of prior discovery violations and the lack of a final court order or warning, dismissal would be a disproportionate sanction. (*Id.* at 5–6). Plaintiff contends that a more appropriate remedy would be reopening limited discovery to address any outstanding issues. (*Id.*).

Under Rule 37(b)(2)(A), permissible sanctions include striking pleadings in whole or in part. However, when a sanction may effectively terminate a party's ability to litigate, courts consider the six *Poulis* factors: (1) personal responsibility; (2) prejudice to the adversary; (3) history of dilatoriness; (4) willfulness or bad faith; (5) alternative sanctions; and (6) the merits of the claims or defenses. *See Poulis v. State Farm Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). No single factor is dispositive, and dismissal may be warranted even if some factors are not met. *See Hildebrand v. Allegheny Cty.*, 923 F.3d 128, 132 (3d Cir. 2019). In extreme cases where a litigant's conduct makes adjudication impossible, courts may impose sanctions without a *Poulis* analysis. *See Jones v. N.J. Bar Ass'n*, 242 F. App'x 793, 794 (3d Cir. 2007).

Turing first to the Plaintiff's responsibility, as Defendant notes, it is unclear if the failure to comply with the Court's discovery orders was the fault of the Plaintiff or her counsel. As such, this factor does not weigh in favor of sanctioning Plaintiff or dismissal.

Turning to the remaining factors, it is unclear based on Plaintiff's response, what fact discovery remains outstanding or whether the discovery that Plaintiff failed to timely turn over

was so prejudicial that it warrants striking the Complaint. For example, while Defendant maintains that Plaintiff has failed to turn over discovery—particularly, correspondence—between Plaintiff and a potential witness, Plaintiff's boyfriend, Plaintiff states that there was no such correspondence between Plaintiff and her boyfriend. (Pl. Br., ECF No. 72 at 3). And when reviewing what, if any, prejudice stems from Plaintiff's alleged failure to turn over correspondence between Plaintiff and Defendant, it is hard to find such prejudice warranting striking the Complaint when, as Plaintiff notes, Defendant has equal access to these documents as well. Though the Court recognizes Plaintiff's obligation to produce discovery, the failure to do so in this case does not warrant such a severe sanction as striking the entire Complaint at this time and on this record.

As for expert reports, Plaintiff is correct that all discovery—other than fact discovery—was *stayed* pending the Court's decision on a Motion to Dismiss, which had been filed by another Defendant, and this Motion. (ECF No. 70).

Additionally, there does not appear to be a significant history of dilatoriness or a showing of bad faith such to warrant such a severe penalty. Indeed, as noted, discovery has not even completely closed yet. As such, in this case, dismissal of the Complaint is unwarranted. *Wehman v. State Farm Fire & Cas. Co.*, No. 14-1416, 2015 WL 5167184, at *4 (D.N.J. Sept. 3, 2015) (citation and internal quotation marks omitted) ("Dismissal is a harsh remedy and should be reserved for only the most extreme cases, as the policy of the law is to favor the hearing of a litigant's claim on the merits."). For these reasons, Defendant's Motion to Strike the Complaint is denied.

As for Defendant's request for summary judgment in the alternative, this request is premature. Again, following the filing of this Motion, Magistrate Judge Sharon King entered an order staying all discovery, other than pretrial factual discovery, pending this Court's decision on

a then pending Motion to Dismiss, (ECF No. 54), and this Motion to Strike. Indeed, Plaintiff maintains that she has not provided an expert report because of the stay. (Pla. Br., ECF No. 72 at 6). As such, complete discovery has not yet closed and for this reason, Defendant's request for an entry of summary judgment is premature. Defendant may refile its motion for summary judgment at the close of *all* discovery.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Strike, or in the Alternative, for Summary Judgment, (ECF No. 66), is DENIED. An appropriate Order accompanies this Opinion.

*[signature]*
**CHRISTINE P. O'HEARN**
**United States District Judge**